**FILED**

AUG 1 4 2014

STEPHEN C. WILLIAMS
U.S. MAGISTRATE JUDGE
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA， )
 )　CASE NUMBER: _14-mj · 706l_
　　　　Plaintiff, )
 )
vs. )
 )　**FILED UNDER SEAL**
AYIKO L. PAULETTE, )
 )
 )
　　　　Defendants. )

## CRIMINAL COMPLAINT

I, Duane J. Clauer, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief:

### DISTRIBUTION OF COCAINE

On or about May 7, 2014, in St. Clair County, within the Southern District of Illinois and elsewhere,

### AYIKO PAULETTE,

defendant herein, did knowingly and distribute a mixture or substance containing cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## AFFIDAVIT

1.　The affiant, Duane J. Clauer, is a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (the "ATF"). I have been so employed since July of 2013. As part of my regular duties as a Special Agent, I investigate criminal violations of the federal

1

firearms and racketeering laws including Title 18, United States Code, Sections 922, 924, and 1952, as well as federal narcotics laws, including Title 21, United States Code, Sections 841 and 846. I have received training regarding, among other things, violations of federal firearms and narcotics laws at the Federal Law Enforcement Training Center and the Federal Bureau of Investigation's Academy.

2.      I have been a law enforcement officer for approximately 7 years, having previously been employed as a Special Agent in narcotics with the Wisconsin Department of Justice, Division of Criminal Investigation from 2012-2013. I was a Wisconsin State Trooper from 2008-2012, where I often conducted highway interdiction, and worked closely with the Milwaukee HIDTA conducting drug interdiction. For the majority of my time in law enforcement, I have been assigned to various local, regional and federal task forces, including participation in multiple Organized Crime Drug Enforcement Task Force ("OCDETF") operations, focused on the investigation of violent crimes and narcotics trafficking. I have been involved in various forms of electronic surveillance and the debriefing of defendants, informants, and witnesses, as well as others who have knowledge of the distribution, transportation, storage, and importation of controlled substances.

3.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, witnesses, and Confidential Informants (referred to as CIs). This affidavit is intended to show merely that there is sufficient probable cause for the requested charge and does not set forth all of my knowledge about this matter.

4.      In May 2014, a confidential informant ("CI") informed ATF agents that the CI had been receiving cocaine and heroin from Ayiko Paulette. The CI stated that since the beginning of

2

January 2014, the CI had been receiving two (2) to three (3) ounces of cocaine from Ayiko Paulette every 2-3 days until May of 2014. The CI stated that the CI also received ½ ounces of heroin from Ayiko Paulette on more than one occasion. The CI stated that Ayiko Paulette would front the drugs and that the CI would repay Paulette after the drugs were sold.

5. The CI explained that the CI would contact Ayiko Paulette on Paulette's cell phone which CI stated was 314-717-7343. The CI stated that Ayiko Paulette doesn't like to speak on his telephone and prefers to do business through coded text messaging. CI showed affiant messages that contained drug talk, through the use of coded messages, from the CI to the number 314-717-7343.

6. On or about May 7, 2014, the CI sent a text message, in the presence of agents, to Paulette at Paulette's cell phone number of 314-717-7343, in which the CI represented to Paulette that the CI had a customer looking to pick up cocaine. Paulette responded via text message from 314-717-7343 and met up with the CI a short time later, after the CI had been wired with an audio transmitter, which agents monitored. Agents observed Paulette arrive at a residence in East St. Louis, Illinois, and audio transmissions indicated that the CI was engaged in conversation with Paulette. The CI informed the agents that Paulette gave cocaine to the CI, and CI was to pay Paulette at a later time. Later that evening the CI sent a text message to Paulette at the number 314-717-7343 regarding the money the CI owed Paulette. Paulette replied later from 314-717-7343 via text that Paulette would be there in 10 minutes. Audio transmissions indicated that Paulette had arrived and engaged in conversation with the CI. The CI informed the agents that the CI paid Paulette through the ATF Agent Cashier Funds (ACF) for the previously fronted cocaine the CI received from Paulette earlier in the day. The ACF had been previously copied

3

and recorded. On May 8, 2014, the suspected cocaine was field tested by your affiant with a Sirchie NARK cocaine ID swipe, and indicated positive for the presence of cocaine.

FURTHER AFFIANT SAYETH NAUGHT.

DUANE J. CLAUER
Special Agent, Bureau of Alcohol, Tobacco,
Firearms, and Explosives

State of Illinois    )
                 ) SS.
County of St. Clair   )

Sworn to before me, and subscribed in my presence on the 14th day of August, 2014, at East St. Louis, Illinois.

STEPHEN C. WILLIAMS
United States Magistrate Judge

STEPHEN R. WIGGINTON
United States Attorney

DONALD S. BOYCE
Assistant United States Attorney

4