IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 3:14-cr-30152-NJR |
| | ) | |
| AYIKO L. PAULETTE, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE TO
DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE (DOC. 226)**

Now comes the United States of America by and through its attorneys, Stephen R. Wigginton, United States Attorney for the Southern District of Illinois, and Donald S. Boyce, Assistant United States Attorney for said district, and in response to the Defendant's Motion to Suppress Physical Evidence, states that the Defendant's Motion should be denied.

On February 12, 2015, Defendant filed his Motion to Suppress Physical Evidence (Doc. 226). Defendant seeks to have suppressed all evidence seized during the March 19, 2013 and August 27, 2014 searches of Defendant's residences and his sister's residence, as well as all evidence from phones and computers seized during subsequent searches. The Defendant's Motion should be denied because officers did not illegally enter Defendant's residence, all search warrants issued were supported by probable cause, the officers acted in good faith in reliance of the search warrants, law enforcement did not act beyond the scope of the search warrant, and none of the evidence gathered constitutes fruit of an unlawful search.

THE EMERGENCY AID DOCTRINE JUSTIFIED ENTRY INTO DEFENDANT'S HOME

In his Motion, Defendant argues that all of the physical evidence seized from residences, computers, and phones should be suppressed because they were issued without probable cause. According to Defendant, a lethal shootout and a trail of blood leading into Defendant's residence was insufficient reason for law enforcement to enter into Defendant's home on March 18, 2013. Basically, Defendant argues that when officers followed the blood trail into his home, this was an illegal entry and the evidence they saw and later obtained a warrant to seize was the result of an illegal entry and should be suppressed.

Although warrantless searches and seizures inside a home are presumptively unreasonable, it is well established that the touchstone of the Fourth Amendment is reasonableness. *Brigham City, Utah v. Stuart*, 547 U.S. 398, 403 (2006). Situations of exigency may justify searching a home without a warrant. *Michigan v. Fisher*, 558 U.S. 45, 47 (2009). For example, law enforcement may enter a home to render emergency assistance to an injured person or to protect someone from imminent injury. *Id.* The emergency aid exception to the warrant requirement only requires an "objectively reasonable basis for believing that a person within the house is in need of immediate aid." *Id.* A search is viewed as "reasonable" when the circumstances, viewed objectively, justify the police action. *Brigham City*, 547 U.S. at 404. The exigent circumstances doctrine is well-suited for cases wherein there is probable cause to believe a crime is being or has been committed. When considering whether a situation of exigency exists, courts should consider the gravity of the underlying offense. *Welsh v. Wisconsin*, 466 U.S. 740, 753 (1984).

Both the United States Supreme Court and the Seventh Circuit have recognized that police play a "protective role in addition to a law enforcement role" and they have an interest in

assisting persons who are seriously injured. *Sutterfield v. Milwaukee*, 751 F.3d 542, 558 (7th Cir. 2014).   In *Michigan v. Fisher*, officers entered into a house after responding to a disturbance. Before entering the house, the officers found signs of a recent injury right outside.   The Supreme Court found that the officers' entry into the house was objectively reasonable. *Fisher,* 558 U.S. at 48.   In *Fitgerald v. Santoro*, a desk sergeant dispatched officers to a woman's house believing she might be depressed, intoxicated, and suicidal.   *Fitzgerald v. Santoro,* 707 F.3d 725, (7th Cir. 2013).   Although officers did not personally observe suicidal behavior, they entered the house without a warrant, and the Seventh Circuit found the warrantless entry reasonable.   Because the officers were relying on dispatch information suggesting the occupant might need protection from injury, the Seventh Circuit said the warrantless entry was justified.   Specifically, the court stated that "the case fits snugly within our precedents holding that police officers and other emergency personnel must be 'able to assist persons in danger or otherwise in need of assistance.'" *Id.* at 732.   Likewise, in *Sutterfield v. Milwaukee*, police entered a home without a warrant to protect the occupant from self-injury after receiving a report from a physician that the person was suicidal. 751 F.3d 542 (7th Cir. 2014).   Although the physician made the report nine hours before police entered the home, and although police did not personally observe suicidal behavior, the Seventh Circuit still held that the warrantless police entry was justified. *Id.*   The Seventh Circuit was careful to note that although emergencies do not last forever, they also do not automatically diminish with the passage of just a few hours. *Id.* at 562-63.

Finally, the Seventh Circuit in *Sutterfield* spent substantial effort considering the necessity of obtaining a search warrant before entering a residence.   The Court makes it clear that "whether there was time to seek a warrant loses its relevance in the emergency aid…cases." *Sutterfield,* 751 F.3d at 564.   In emergency aid cases, where police are acting to protect someone,

3

probable cause is satisfied by police having a reason to believe that someone needs aid and that there's a compelling reason for them to act. *Id.* at 564.

In this case, the police entry into Defendant's residence was justified by the Emergency Aid Doctrine, a subset of the Exigent Circumstances Doctrine.   The facts indicate that, while investigating a shootout which had occurred a few hours earlier, police observed a trail of blood and fired cartridge cases leading from Defendant's driveway onto Defendant's porch and into his residence at 2208 St. Clair Avenue in East St. Louis, Illinois.  Concerned for the welfare of a potentially injured person, the police entered Defendant's home.  Based on the evidence of, the prior shootout and the trail of blood, viewed objectively, the police reasonably thought a person in the house was in need of assistance.  Police have an interest in assisting persons in danger. Additionally, although the shootout occurred a few hours earlier, the Seventh Circuit has stated that emergencies do not necessarily diminish at the passage of an arbitrarily set duration.  It is reasonable that a person could have been injured and bleeding from the earlier shootout. Understandably, police entered Defendant's home under the Emergency Aid Doctrine to render assistance to an injured person.

## ALL SEARCH WARRANTS ISSUED WERE SUPPORTED BY PROBABLE CAUSE

Defendant contends that the initial entry into his residence (after the shootout) was illegal. Consequently, Defendant argues that the resultant search warrants and seized physical evidence were not supported by independent probable cause. Therefore, Defendant argues that all physical evidence obtained was a result of an illegal search, was not independently supported by probable cause, and should be dismissed.

The Seventh Circuit, in *United States v. Bell,* states the standard for judging the adequacy of probable cause in support of a search warrant. "An affidavit establishes probable cause to support a search warrant when it sets forth sufficient evidence to convince a reasonable person

that a search will uncover evidence of the alleged crime." *United States v. Bell*, 585 F.3d 1045, 1049 (7th Cir. 2009). The judge issuing the search warrant must "make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* (*quoting Illinois v. Gates*, 462 U.S. 213, 238 (1983). In *Illinois v. Gates*, 462 U.S. 213 (1983),the Court emphatically noted that only the *probability* of criminal activity must be shown to constitute probable cause; the government does not have to make a *prima facie* showing of criminal activity to establish probable cause. *Gates*, 462 U.S. at 235.

When considering a Motion to Suppress, "the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . concluding' that probable cause existed." *Gates*, 462 U.S. at 238-39, *citing, Jones v. United States*, 362 U.S. 257, 271 (1960). The Court emphatically states that "after-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of *de novo* review. A magistrate's "determination of probable cause should be paid great deference by reviewing courts." *Gates*, 462 U.S. at 236, *citing Spinelli v. United States*, 393 U.S. 410, 419 (1969).

The Defendant's Motion should be denied because when viewed based on a totality of the circumstances, there was considerable evidence to suggest to the issuing judge that a probability of criminal activity existed. There is ample probable cause to support the warrants issued in this case.  Copies of the search warrant documents for 2208 St. Clair Ave., 4007 N. 11th St., and 1706 N. 45th St. are attached hereto as exhibits A, B, and C, respectively.

As described above, the trail of blood leading into Defendant's home justified the police entry into Defendant's residence under the Emergency Aid Doctrine.  Therefore, neither the

5

entry into Defendant's home nor the resultant search warrants and physical evidence were illegal. After following a trail of blood into Defendant's home, police discovered in plain view a variety of items, including drugs, weapons, ammunition, and extensive blood stains. Police later obtained search warrants for Defendant's property in March 2013, August 2014, and October 2014. Additionally, search warrants have been executed on phones and computers that were seized during the searches of the residences described above. As evidenced by the affidavits in support of the search warrants, there was ample probable cause supporting these search warrants.

The affidavits contain numerous statements which constitute probable cause sufficient to support a warrant. Besides the shootout, police also relied on a confidential source who had personally purchased narcotics from Defendant on numerous occasions and completed a controlled buy with Defendant while working with law enforcement.  As previously described in the Government's Response to Defendant's Motion to Suppress PLI, the reliability of the informant's statements can be inferred. Given the totality of the circumstances, the magistrate judge deemed there was sufficient probable cause to support the warrants. Although the Defendant claims all the warrants were not supported by probable cause, this Court should pay great deference to the magistrate's determination.  The affidavits overwhelmingly indicate that there was sufficient probable cause to support the search warrants in this case.  The physical evidence obtained as a result of those warrants should not be suppressed.

OFFICERS ACTED IN GOOD FAITH IN RELIANCE OF THE SEARCH WARRANTS

Even if the Court determines that the search warrants were not supported by probable cause, it is well settled law that if officers, acting in good faith, relied on the judicial determination of probable cause, then the evidence resulting from the search will not be suppressed if the search warrants are later declared invalid. *United States v. Searcy*, 664 F.3d

1119, 1124 (7th Cir. 2011).  In fact, an officer's decision to apply for a warrant is *prima facie* evidence of good faith. *United States v. Otero*, 495 F.3d 393, 398 (7th Cir. 2007). The Defendant may rebut the presumption of good faith by showing (1) that the issuing judge abandoned his detached, neutral role, (2) that the officers were dishonest or reckless in preparing the affidavit, or (3) that the warrant was so lacking in probable cause as to render the officer's belief entirely unreasonable. *Id.*

Police officers are "charged with knowledge of well-established legal principles," *United States v. Koerth*, 312 F.3d 862, 869 (7th Cir. 2002), and they have a "responsibility to learn and follow legal precedent." *United States v. Mykytiuk*, 402 F.3d 773, 777-78 (7th Cir. 2005).  Thus, evidence obtained based on a search warrant is admissible unless, "(1) courts have clearly held that a materially similar affidavit failed to establish probable cause under facts that were indistinguishable from those presented in the case at hand, or (2) the affidavit was so plainly deficient that any reasonable well-trained officer 'would have known that his affidavit failed to establish probable cause and that he should not have applied for the warrant.'"  *Searcy*, 664 F.3d at 1124, *quoting, Koerth*, 312 F.3d at 869.

In this case, there is no evidence of bad faith on the part of law enforcement.  The Defendant has not even alleged any bad faith on the part of any of the agents or officers.  The agents involved had extensive experience with drug investigations and provided ample information to the issuing judge to support the search warrant.  Moreover, just the application for a search warrant is *prima facie* evidence of good faith on the part of law enforcement. Given the good faith exception to the exclusionary rule, as stated in *United States v. Leon*, 468 U.S. 897 (1984), the physical evidence in this case should not be suppressed.

## THE DEFENDANT LACKS STANDING TO CHALLENGE THE 45TH STREET WARRANT

In his motion, the Defendant vaguely alleges an expectation of privacy in the house on 45th Street in East St. Louis.  The Defendant does not allege any facts to demonstrate that he would have standing to challenge any search of that residence.  A "search" within the meaning of the Fourth Amendment occurs only where an individual has a reasonable expectation of privacy in the area searched.  *Katz v. United States*, 389 U.S. 347, 361 (1967).  If such an expectation is lacking, the individual has no standing to challenge the search.  *Simmons v. United States*, 390 U.S. 377, 389 (1968).  In *United States v. Mitchell*, laid out factors relevant to this determination:

> whether the defendant had a possessory interest in the place searched; (2) whether he had a right to exclude others from the place searched; (3) whether he exhibited a subjective expectation that the place searched [would] remain free from governmental invasion; (4) whether he took normal precautions to protect his privacy; and (5) whether he was on the premises legitimately.

*United States v. Mitchell,* 64 F.3d 1105, 1109 (7th Cir. 1995).  In this case, the Defendant has only made the conclusory allegation that he had an expectation of privacy in the house that he claims is his sister's.  The Defendant has alleged no facts that would tend to demonstrate that such an expectation of privacy is reasonable under *Mitchell*.

## OFFICERS DID NOT ACT BEYOND THE SCOPE OF THE SEARCH WARRANT

Defendant's Motion claims that the officers exceeded the scope of the August 2014 search warrant by seizing more electronic devices than that which was specified on the search warrant. However, in executing a search warrant or an arrest, an officer may seize items in plain view of the officer. The plain view doctrine applies if:

> …[T]he officer has a legal right to be in the place from where he sees the object subject to seizure, a lawful right of access to the object itself, and if the object's incriminating nature is immediately apparent. The incriminating nature of an object is "immediately apparent" for purposes of the plain view doctrine if, under

the circumstances, the officer has probable cause to believe that the item is linked to criminal activity… *Russell v. Harms*, 397 F.3d 458, 465 (7th Cir. 2005).

In this case, the electronic devices were validly seized. Officers may have been unable to immediately identify the exact cell phone specified in the search warrant. When the agents attempted to question the Defendant about items in the house, including which cell phone was the one with telephone number (314) 717-7343, the Defendant stated that he wanted a lawyer. Without any direction from the Defendant, it is reasonable that any of the available phones could have been that which was intended by the warrant. Consequently, the officers seized only those objects that it was reasonable to believe were covered by the warrant. Moreover, because individuals involved in drug sales commonly use multiple electronic communication methods, the officers had probable cause to believe the items were linked to criminal activity. Moreover, the Supreme Court of the United States has made it clear that a cell phone simply may not be *searched* until after a proper warrant has been obtained. *Riley v. California*, 134 S.Ct. 2473, 2493-94 (U.S. 2014). In this case, although officers *seized* the cell phones in an attempt to obtain the phone specified in the warrant, officers did not *search* the phones, but later applied for proper warrants to search them.  Officers did not, then, exceed the scope of the search warrant, and this evidence should not be suppressed.

THE EVIDENCE IS NOT FRUIT OF AN UNLAWFUL SEIZURES

Finally, the Defendant alleges that because the seizure of the electronic devices exceeded the scope of the warrant, these items are the fruit of an unlawful seizure and there is no probable cause supporting the search of these items.  To the contrary, as stated above, the electronic equipment *seized* was in plain view of the officers, and the officers had probable cause to believe that the devices contained evidence of a crime at the time of the seizures.  By issuing the search

warrants on the electronic devices, the magistrate judge has already found that there was sufficient probable cause to support a search warrant. The magistrate's decision is due deference.

For the foregoing reasons, the Defendant's Motion to Suppress Physical Evidence should be denied.

Respectfully submitted,

STEPHEN R. WIGGINTON
United States Attorney

s/Donald S. Boyce
Donald S. Boyce
Nine Executive Drive
Fairview Heights, IL  62208
Phone:  (618) 628-3700
E-mail: donald.s.boyce@usdoj.gov

**Certificate of Service**

I hereby certify that on March 12, 2015 I caused to be electronically filed Government's Response to Defendant's Motion to Suppress Physical Evidence with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to all attorneys of record, including the following:

John P. Rogers

Respectfully submitted,

STEPHEN R. WIGGINTON
United States Attorney

*s // Donald S. Boyce*
DONALD S. BOYCE
Assistant United States Attorney
Nine Executive Drive
Fairview Heights, IL 62208
Phone: 618-628-3700
E-Mail: Donald.S.Boyce@usdoj.gov